IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

ROBERTO  SOTO CARRERAS

XXX-XX-5535

Debtor(s)

CASE NO. 09-10782 BKT

Chapter 11

FILED & ENTERED ON 10/18/2011

**OPINION AND ORDER**

Carlos E. Rodriguez Quesada (hereinafter "Rodriguez Quesada") and Nelson Robles Diaz, of Reorganization and Bankruptcy Legal Services, P.S.C. (hereinafter "RBLS"), have been the authorized legal representatives of Debtor since November 30, 2010.  The record of the case shows that in the course of the bankruptcy, Debtor has been actively engaged in objecting to First Bank Puerto Rico's (hereinafter, "FBPR") claim number 10. Claim number 10 involves several commercial loans made to debtor Roberto Soto Carreras secured by real estate belonging to the debtor and/or to debtor's corporations. On September 19, 2011, FBPR filed a "Motion Requesting Order Regarding Conflict of Interest and Removal of Legal Representation" in reference to counsel

1

Rodríguez Quesada and RBLS [Dkt. No. 373]. In its motion, FBPR alleges that a conflict of interest exists between FBPR and Rodriguez Quesada in the above referenced case due to his appearance in the case of In Re: New York Mortgage Bankers, Inc., case number 09-02852 (BKT) on behalf of FBPR. FBPR alleges that there is an irrefutable presumption that Rodríguez Quezada received confidential information from FBPR, "and/or simultaneously represent[ed] conflicting interests." Furthermore, FBPR alleges that RBLS should also be disqualified.

The controversy stems from Rodríguez Quezada's appearance and filing on July 22, 2011, a written stipulation, wherein he also appeared as FBPR's legal representative, for the lifting of an automatic stay in order to permit an appearance by New York Mortgage Bankers in the Court of First Instance of the commonwealth of Puerto Rico, Aguadilla Part. The appearance was to establish the fact that the Promissory Mortgage Note First Bank sought to be deemed canceled, had been lost while in the possession of Debtor, New York Mortgage Bankers. FBPR bases its request for disqualification solely on that one document, and claims that the mere "appearance of impropriety" is sufficient to require the disqualification of Rodríguez Quezada and RBLS. FBPR states that such conduct is contrary with Rule 21 of the Code of Professional Ethics of Puerto Rico. The matter was briefly argued at the hearing held on September 21, 2011 [Dkt. No. 379], and Rodriguez Quesada was allowed time to reply to FBPR's motion. On October 5, 2011, Rodriguez Quesada replied in opposition to FBPR's motion [Dkt. No. 391].

The standards for the professional conduct of attorneys in the U.S. District Court for the District of Puerto Rico are the Model Rules of Professional Conduct adopted by the American Bar Association, as amended. *See,* Local Rules Dist. P.R. R. 83E. Rule 1.9 of the Model Rules of

2

Professional Conduct, dealing with conflict of interest, states that:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

MODEL RULES OF PROF'L CONDUCT Rule 1.9(a).[1]

Thus, it is not "per se" improper for an attorney or law firm to represent a party who is now adverse to a former client "without a showing by the former client that the matters in the pending suit are 'substantially related' to the matters in which the attorney previously represented to the party." Estrada v. Cabrera, 632 F.Supp. 1174 (D.Puerto Rico,1986). Based on the standard set forth in Rule 1.9(a), a court must first determine whether an attorney-client relationship existed, and if so, then explore whether there is a substantial relationship between the former and current representation. Mere allegation that confidential information was exchanged in prior representation will not suffice to create irrebuttable presumption of shared confidences, for purpose of determining whether disqualification of the attorney is warranted. MODEL RULES OF PROF'L CONDUCT Rule 1.9, 1.10. Rule 1.10 provides for the imputed disqualification of an attorney, such that if one member of a firm is disqualified from a case, his colleagues in the firm are likewise disqualified.

The First Circuit has reaffirmed the "substantially related" test as governing the inquiry into whether disqualification is appropriate in attorney conflict of interest cases. Borges v. Our Lady of the Sea Corp., 935 F.2d 436 (1st Cir.1991). A motion to disqualify an attorney is an accepted and

---

[1] Rule 21 of the Code of Professional Ethics of Puerto Rico, which is cited by Movant FBPR, is not the applicable standard in this district.

3

adequate way for a litigant to bring a potential conflict of interest to the court's attention. The moving party bears the burden of showing substantial relationship between the former and current representation in a motion to disqualify. Estrada v. Cabrera, *supra.* Courts, however, should be cautious in analyzing a disqualification motion because they are often used for strategic purposes. *See id.* Professional conduct rules governing conflicts of interest and providing for imputed disqualification of attorneys are primarily concerned with preventing confidential information obtained in the former representation from being used in the subsequent litigation. Kevlik v. Goldstein, 724 F.2d 844, 847–48 (1st Cir.1984). The moving party must allege the type and nature of the confidences that were exchanged in the prior litigation that should subsequently disqualify the attorney in the latter representation. However, the mere allegation that confidential information was exchanged in a prior representation will not suffice to create the "irrebuttable presumption" of shared confidences that is so frequently spoken of in this area of the law. Starlight Sugar Inc. v. Soto, 903 F.Supp. 261 (D.Puerto Rico, 1995).

The substantial relationship test had its genesis in federal courts in the case of T.C. Theatre Corp. v. Warner Bros. Pictures, Inc., 113 F.Supp. 265 (S.D.N.Y.1953). The test is not a rule of substantive law, as it is a measure of the quantum of evidence required for proof of the professional obligation. In determining whether two matters are substantially related, "[t]he underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question." MODEL RULES OF PROF'L CONDUCT Rule 1.9 cmt. 2. Some courts have applied the "substantially related" test very stringently, finding a substantial relationship only when the issues involved in the two cases are virtually identical. *See,*

4

Government of India v. Cook Indus., Inc., 569 F.2d 737 (2d Cir.1978).

The test consists of three steps of inquiry in disqualification matters and said three-level inquiry is to be undertaken in order to ascertain whether a substantial relationship exists. Under this three-prong test, the first step calls for a factual reconstruction of the scope of the prior representation. The second step calls for a determination as to whether it is reasonable to infer that the confidential information allegedly given would have been to a lawyer involved in the representation of those matters. Finally, under the third step, it must be determined whether that information is relevant to the issues raised in the litigation pending against the former client. La Salle National Bank v. County of Lake, 703 F.2d 252, 255 (7th Cir. 1983); Southwire Co. v. Ramallo Bros. Printing, Inc., 2009 WL 4937726 (D. Puerto Rico, 2009). Thus, the moving party must allege the type and nature of the confidences that were exchanged in the prior litigation that should subsequently disqualify the attorney in the latter representation. Having established the scope of Rodriguez Quesada's prior representation above, the court now applies the second and third steps of the conflict of interest inquiry to the case at bar. The Court must examine the contours of the prior representation to determine whether any confidential information was received, and whether any aspect is so similar to the current litigation that it would be useful in advancing Debtor's position.

The focus is on the precise nature of the relationship between the present and former representation. Jackson v. J.C. Penney Co., Inc., 521 F.Supp. 1032 (N.D.Ga.1981). The basic question which the court faces in considering a motion praying for disqualification is "whether it could reasonably be said that during the former representation the attorney might have acquired information related to the subject matter of the subsequent representation." La Salle Nat. Bank v.

5

County of Lake, *supra*. The issue of whether there is a substantial relationship between the present representation and matters in which Rodriguez Quesada previously appeared on behalf of FBPR is of course essentially a factual one. The question is one which involves a determination as to whether there is a sufficient relationship between matters presented by the pending litigation, and matters which the attorney/firm worked on in behalf of the party now seeking disqualification. Furthermore, it has been clearly established that "only when the moving party delineates with specificity the subject matters, issues and causes of action presented in the former representation can the district court determine if the substantial relationship test has been met." Somascan Plaza,Inc. v. Siemens Medical Systems, Inc., 187 F.R.D. 34 (D.Puerto Rico, 1999). It is unrefuted that there is no contract for professional services executed between Carlos Rodriguez Quesada and/or RBLS and FRBP to represent the legal interests of said entity in any case. Furthermore, Rodriguez Quesada and RBLS state that neither of them have ever been paid fees for any legal services by FBPR. FBPR has failed to establish that in the appearance on behalf of New York Mortgage in case 09-02852 (BKT), there are any facts to support a finding that in the course of that "representation," Rodriguez Quesada became privy to confidences or secrets of FBPR. Most importantly, FBPR has not established that the matter in which the appearing counsel represented FBPR is substantially related to the controversy in the case at bar. FBPR's vague and conclusory allegations stating, at most, that Rodriguez Quesada represented the Movant in one document in a non-related case, do not clear this hurdle. In essence, FBPR did not allege "the type and nature of the confidences that were exchanged" with enough specificity so as to put the Court in a position to rule in its favor. Mere allegation that confidential information was exchanged in prior representation will not suffice to create an

6

irrebuttable presumption of shared confidences, for purpose of determining whether disqualification of the attorney is warranted. Starlight Sugar, 903 F.Supp. at 266. As such, the Court finds that there is no conflict of interest in the representation of the captioned debtor by Rodriguez Quesada and/or RBLS in this case against FBPR.

IT IS SO ORDERED.

San Juan, Puerto Rico this 18 day of October, 2011.

Brian K. Tester
U.S. Bankruptcy Judge