## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.  09-10782 |
| | Chapter  11 |
| ROBERTO SOTO CARRERAS | |
| | |
| Debtor(s) | FILED & ENTERED ON 06/25/2013 |

## OPINION & ORDER

Before the Court is Debtor's Emergency Motion Requesting Stay Pending Appeal pursuant to Fed.R.Bankr.P. 8005 filed on 6/12/2013 [Dkt. No. 704]; LSREF2 Island Holdings LTD's Opposition filed on 6/14/2013 [Dkt. No. 705]; and, Autoridad para el Financiamento de la Vivienda's Opposition filed on 6/21/2013 [Dkt. No. 706].  For the reasons stated herein, the Debtor's Emergency Motion is hereby DENIED.

Fed. R.Bankr.P. 8005 provides in relevant part as follows:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance.  Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

The standards for granting stays pending appeal in the bankruptcy context are well established.

A court has substantial discretion under Rule 8005 to grant (or deny) a stay pending appeal on such terms as it may deem appropriate, subject to an abuse of discretion standard of review. In re Target

Graphics, Inc., 372 B.R. 866 (E.D.Tenn. 2007). The motion for a stay pending appeal follows the same standard as any motion for stay, which is in the nature of a preliminary injunction and will only be granted upon a showing that: 1) the petitioner is likely to prevail on the merits of its appeal; 2) that without a stay, the petitioner will suffer irreparable injury; 3) that other interested parties will suffer no substantial harm; and 4) that the public interest will not be harmed by the granting of the stay. 6 Lawrence P. King, Collier Bankruptcy Practice Guide, ¶ 117.11[2] at page 117-36 (Matthew Bender 2005). If a party fails to satisfy any one of the four requirements for a stay pending appeal, then the court will be acting within its discretion to deny the stay. In re Dakota Rail, Inc., 111 B.R. 818, 820 (Bankr.D.Minn. 1990).

"The *sine qua non* of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Esso Standard Oil Co. v. Monroig Zayas, 445 F3d. 13 (1st Cir. 2006) citing New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002); Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996); Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). "[W]hat matters ... is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits." Puerto Rico Hospital Supply, Inc. v. Boston Scientific Corp., 426 F.3d 503, 507 n.1 (1st Cir. 2005).

Debtor addresses all four factors in his Emergency Motion but misconstrues the basis of the actions taken by the court. The Debtor's case was "full of unmet deadlines and Debtor's continued disregard for the orders of this Court." (See, Dkt. No. 658). Debtor's case was filed on December

2

17, 2009 and dismissed on December 21, 2012. During this three (3) year period he failed to present a feasible Disclosure Statement and Chapter 11 Reorganization Plan and failed to comply with the Court's orders and creditor's requests on multiple occasions. The court's record clearly evidences this. Moreover, the case was dismissed and reconsidered twice before its final dismissal in December 2012.  Based on the aforesaid, it cannot be concluded that Debtor has "a likelihood of success in the merits of the appeal." Movant must prove not merely a "likelihood" of success, but that he has "a substantial case," "a strong case on appeal." In re Saffon Ochart, 74 B.R. 136, 137 (Bank. D.P.R., 1987). On this ground alone, then, a stay pending appeal is not appropriate. However, the court will briefly touch on the third element listed above, "that other interested parties will suffer no substantial harm" because it is particularly germane to the actions of the Debtor in his case.

It is Debtor's allegation that "[C]reditors are moving to attach, seize property of the Debtor during the dismissal period." (See, Dkt. No. 704). This argument has to be seen in the light of the third factor, being that the harm to the moving party if the stay is not granted is greater than the injury to the opposing party if the stay is granted. The court in In re Great Barrington Fair and Amusement, Inc., 53 B.R. 237 (Bankr.D.Mass., 1985), citing In re Sung Hi Lim, 7 B.R. 319 (Bankr.D.Hawaii, 1980), described how a case in which a stay pending appeal is granted under allegations of harm to Debtor, can become a more hazardous imposition to the creditors. The Court in Great Barrington established that "[T]he chief harm will be caused by a stay is the delay which will be suffered by the other creditors. This case is now more than two years old and there have been several plans and disclosure statements filed, none of which have proceeded very far." In re Great Barrington Fair and Amusement Inc., 53 B.R. 237, 240. Debtor's case had no less than six (6)

amended and supplemented disclosure statements. None of which came close to being approved by the court. The substantial delays were further exacerbated by the fact that Debtor had four (4) different attorneys in this case and represented himself *pro se* at certain times filing multiple quixotic motions with no legal underpinning. This continued change of attorneys had the effect of delaying all the processes before the court, thereby causing additional damage to the interests of creditors. If a stay were granted here, then the court would be in effect giving continued shelter to a Debtor whom the court has already found has been abusing the bankruptcy process in furtherance of a larger pattern of frustrating his secured creditors.

SO ORDERED

San Juan, Puerto Rico, this 25th day of June, 2013.


Brian K. Tester
U.S. Bankruptcy Judge

4